United States District Court
Southern District of Texas
**ENTERED**
September 18, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:18-627-1 |
| | § | |
| SHAKIR MODUL MEMON, | § | |
|   Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Shakir Modul Memon's Motion to Dismiss Indictment (D.E. 23), to which the United States of America (the "Government") has responded (D.E. 26), and Defendant has replied (D.E. 28).

The Indictment alleges that, between December 8, 2015, and June 30, 2016, Defendant and his codefendant, Catalina Ceballos, conspired to possess with intent to distribute "a synthetic cannabinoid mixture and substance containing a detectable amount of 5F-MDMB-PINACA and FUB-AMB, Schedule I controlled substance analogues as defined in Title 21, United States Code, Section 802 (32), knowing that the substance was intended for human consumption . . . ." D.E. 1.

Defendant moves to dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b) on the grounds that 5F-MDMB-PINACA and FUB-AMB did not become controlled substances until 2017. In support of this claim, Defendant has offered Notices of Intent from the Drug Enforcement Administration (DEA) showing the temporary placement of 5F-MDMB-PINACA in Schedule I effective February 8, 2017, and the temporary placement of FUB-AMB in Schedule I effective October 8, 2017. D.E. 23-1, 23-2. Because the Government cannot retroactively apply the controlled substance designation, Defendant claims he cannot be charged with conspiracy with intent to distribute 5F-MDMB-PINACA and FUB-AMB between 2015 and 2016, as alleged in the Indictment.

1

In response, the Government points out that the Indictment alleges 5F-MDMB-PINACA and FUB-AMB are controlled substance *analogues*, which are "slightly modified drugs" that "have the same effects and dangers as scheduled controlled substances." *United States v. Hodge*, 321 F.3d 429, 432 (3d Cir. 2003). Under the Controlled Substance Analogue Enforcement Act (CSAEA), controlled substance analogues are treated as Schedule I controlled substances "to the extent intended for human consumption." 21 U.S.C. § 813. Thus, the offense of conspiracy to possess with intent to distribute controlled substances includes all controlled substance analogues intended for human consumption. *See id.*; 21 U.S.C. §§ 846, 841. The Government explains that whether or not 5F-MDMB-PINACA and FUB-AMB are controlled substance analogues is an issue of fact for trial, and the Indictment need only allege that 5F-MDMB-PINACA and FUB-AMB are "controlled substance analogues" as defined by 21 U.S.C. § 802(32) in order to satisfy Rule 12(b). *See United States v. Desurra*, 868 F.2d 716, 717 (5th Cir. 1989; *United States v. Sullivan*, 2011 WL 3957425, at *2 (D. Neb. Aug. 27, 2011). Nonetheless, it is the opinion of the Government's DEA expert that 5F-MDMB-PINACA and FUB-AMB are analogues of the synthetic cannabinoid ADB-PINACA, which was temporarily placed in Schedule I on February 10, 2014. *See* D.E. 26-1.

In his reply, Defendant counters that ADB-PINACA wasn't permanently placed in Schedule I until September 6, 2016—over two months after the alleged conspiracy. *See* D.E. 28-1. According to Defendant, he cannot be charged with conspiracy to possess with intent to distribute 5F-MDMB-PINACA and FUB-AMB before the effective date of ADB-PINACA's permanent placement in Schedule 1 pursuant to 21 U.S.C. § 812 and 21 C.F.R. § 1308.1, because the Controlled Substance Act (CSA) "requires that such actions be made on the record after opportunity for hearing through formal rulemaking." *See* D.E. 28-1; 21 U.S.C. § 811(a).

Defendant has not cited—nor can the Court locate—any authority stating that a substance cannot be regulated until its placement in Schedule I is permanent. To the contrary, the CSA

2

grants the Attorney General authority to temporarily place a substance in Schedule I for two years "without regard to the requirements of 21 U.S.C. § 811(b)" if he or she finds that doing so "is necessary to avoid an imminent hazard to the public safety." 21 U.S.C. § 811(h)(1). If proceedings to permanently place a substance in Schedule 1 are initiated under 21 U.S.C. § 811(a)(1) while the substance is temporarily controlled under § 811(h), the Attorney General may extend the temporary scheduling for up to one year. *Id.* § 811(h)(2).

The record shows that the Attorney General complied with 21 U.S.C. § 811(h)(1) when she temporarily placed ADB-PINACA in Schedule I prior to the formal rulemaking process:

> On February 10, 2014, the DEA published a final order amending 21 CFR 1308.ll(h) to temporarily place [ADB-PINACA and three other] synthetic cannabinoids into schedule I of the CSA. 79 FR 7577. That final order was effective on the date of publication, and was based on findings by the DEA that the temporary scheduling of these four synthetic cannabinoids was necessary to avoid an imminent hazard to the public safely pursuant to 21 U.S.C. 811(h)(l). . . . On February 5, 2016, the DEA extended the temporary scheduling of . . . ADB-PINACA by one year, until February 9, 2017. 81 FR 6175. Also, on February 5, 2016, DEA published a notice of proposed rulemaking (NPRM) to permanently control . . . ADB-PINACA in schedule I of the CSA. 81 FR 6190.

D.E. 28-1 pp. 1-2.

ADB-PINACA was a Schedule I controlled substance at all times between December 8, 2015, and June 30, 2016. Defendant's claim that "the indictment fails to allege[] a federal penal offense" because "the alleged conspiracy predates the effective date of the controlled substance the government relies upon to allege a violation under the CSAEA" is therefore without merit.

Accordingly, Defendant's Motion to Dismiss Indictment (D.E. 23) is **DENIED**.

It is so **ORDERED** this 18th day of September, 2018.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

3