UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:18-627-1 |
| | § | |
| SHAKIR MODUL MEMON, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court are Defendant Shakir Modul Memon's Motion to Dismiss Superseding Indictment (D.E. 44), Supplemental Motion to Dismiss Superseding Indictment (D.E. 45), Motion to Dismiss for Violation of the Double Jeopardy Clause (D.E. 46), and Second Motion to Dismiss (D.E. 62), to which the United States of America (the "Government") has responded (D.E. 69), and Defendant has replied (D.E. 71).

**I. Background**

The original Indictment alleged that, between December 8, 2015, and June 30, 2016, Defendant and his codefendant, Catalina Ceballos, knowingly conspired to possess with intent to distribute "a synthetic cannabinoid mixture and substance containing a detectable amount of 5F-MDMB-PINACA and FUB-AMB, Schedule I controlled substance analogues as defined in Title 21, United States Code, Section 802 (32), knowing that the substance was intended for human consumption . . . ." D.E. 1.

Defendant previously moved to dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b) on the grounds that 5F-MDMB-PINACA and FUB-AMB did not become controlled substances until 2017, and because the Government cannot retroactively apply the controlled substance designation, he cannot be charged with conspiracy with intent to distribute these substances between 2015 and 2016. After the Government responded that 5F-MDMB-

1

PINACA and FUB-AMB were analogs of the controlled substance ADB-PINACA pursuant to the Controlled Substance Analogue Enforcement Act (CSAEA or "Analogue Act"), Defendant countered that ADB-PINACA wasn't *permanently* placed in Schedule I until September 6, 2016—over two months after the alleged conspiracy.

In denying Defendant's motion to dismiss, the Court found that ADB-PINACA became a controlled substance on February 20, 2014, when it was temporarily placed in Schedule I by the Attorney General prior to the formal rulemaking process. D.E. 32, p. 3. Because "ADB-PINACA was a Schedule I controlled substance at all times between December 8, 2015, and June 30, 2016 . . . , Defendant's claim that 'the indictment fails to allege a federal penal offense' because 'the alleged conspiracy predates the effective date of the controlled substance the government relies upon to allege a violation under the CSAEA' [was] without merit." *Id.*

The Government thereafter filed a Superseding Indictment replacing "FUB-AMB" with "5F-AMB." D.E. 35.

**II. Motions to Dismiss Superseding Indictment**

**A. Analogue Act is Unconstitutionally Vague**

Defendant now moves to dismiss the Superseding Indictment on the grounds that the Analogue Act is unconstitutionally vague as applied. According to Defendant, during the timeframe of the alleged conspiracy, a person of ordinary intelligence would have no way to reasonably learn that 5F-MDMB-PINACA and 5F-AMB are unlawful and thus have an opportunity to conform their conduct to the requirements of law. In support of this claim, Defendant cites a Notice of Intent from the Drug Enforcement Administration (DEA) dated January 9, 2017, stating that 5F-MDMB-PINACA and 5F-AMB would be temporarily placed in Schedule I, effective February 8, 2017. Notice of Intent, Vol. 82, No. 5 Fed. Reg. [Docket No. DEA-446] (Jan. 9, 2017). Citing *Lopez Ventura v. Sessions*, 907 F.3d 306 (5th Cir. 2018), Defendant maintains that he cannot be charged

with conspiracy with intent to distribute 5F-MDMB-PINACA and 5F-AMB between 2015 and 2016 because the Government cannot retroactively apply the controlled substance designation.[1]

In response, the Government points out that the Superseding Indictment alleges 5F-MDMB-PINACA and 5F-AMB are "controlled substance *analogues*" as defined by 21 U.S.C. § 802(32), which are "slightly modified drugs" that "have the same effects and dangers as scheduled controlled substances." *United States v. Hodge*, 321 F.3d 429, 432 (3d Cir. 2003). Under the Analogue Act, controlled substance analogues are treated as Schedule I controlled substances "to the extent intended for human consumption." 21 U.S.C. § 813. Thus, the offense of conspiracy to possess with intent to distribute controlled substances includes all controlled substance analogues intended for human consumption. *See id.*; 21 U.S.C. §§ 846, 841. It is the opinion of the Government's DEA expert that 5F-MDMB-PINACA and 5F-AMB are analogues of the synthetic cannabinoid ADB-PINACA. As set forth *supra*, ADB-PINACA was a Schedule I controlled substance at all times between December 8, 2015, and June 30, 2016. Thus, Defendant's claim that the Government is attempting to retroactively apply the Analogue Act is without merit.

Defendant's claim that the Analogue Act is void for vagueness as applied also fails. In *McFadden v. United States*, the Supreme Court rejected a vagueness challenge to the Analogue Act, characterizing the statute as "unambiguous." ––– U.S. –––, 135 S.Ct. 2298, 2307 (2015). The

---

1. Defendant's reliance on *Lopez Ventura*—which references the definition of "controlled substance" and not "controlled substance analogue"—is misplaced. In that case, the Fifth Circuit reversed a Board of Immigration Appeals order finding petitioner inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) based on his conviction for possessing a controlled substance in violation of Louisiana Revised Statutes § 40.966(C). *Lopez Ventura v. Sessions*, 907 F.3d 306 (5th Cir. 2018). In 2014, Lopez Ventura was arrested for possessing cigarillo cigars and AB-CHMINACA, a synthetic cannabinoid. *Id.* at 309. In February 2015, he was charged with possession of drug paraphernalia and a controlled substance. *Id.* In April 2015, he pled guilty to possessing marijuana and drug paraphernalia. *Id.* At the time Lopez Ventura was arrested, AB-CHMINACA was not a "scheduled" controlled substance; however, before his conviction, AB-CHMINACA was added to Schedule I. *Id.* The Fifth Circuit ultimately held that applying 8 U.S.C. § 1182(a)(2)(A)(i)(II) to Lopez Ventura for possessing AB-CHIMINACA would be impermissibly retroactive because it is the timing of a defendant's conduct, not of his conviction, that controls. *Id.* at 315–16. It further remanded the case for a determination as to whether Lopez Ventura was convicted of possession of marijuana or AB-CHIMINACA.

Northern District of Texas recently rejected a similar claim that the Analogue Act was unconstitutionally vague as applied, explaining:

> Defendants' vagueness argument contends that the phrase "substantially similar" is vague and, therefore, the Act's application to the substances at issue is constitutionally improper because of scientific disagreement as to whether the substances are, in fact, "substantially similar" to controlled substances. This argument fails for several reasons.
>
> First, courts across the country have held that the Analogue Act is not unconstitutionally vague.[2] The Fifth Circuit has reviewed vagueness arguments regarding the Analogue Act on two occasions. *United States v. Desurra*, 865 F.2d 651, 653 (5th Cir. 1989); *United States v. Granberry*, 916 F.2d 1008, 1010 (5th Cir. 1990). Both times, it found that the Act was not unconstitutionally vague. *Id.* The Fifth Circuit has stated that "the term 'controlled substance analogue' in § 813 is clearly and specifically defined, in terms readily comprehendible to the ordinary reader" and the court has unambiguously concluded that "[t]here is nothing vague about the statute." *Granberry*, 916 F.3d at 1010.
>
> At least four other circuit courts have also held that the Analogue Act is not unconstitutionally vague. . . .
>
> In fact, the only reported decision cited by Defendants or discovered by the Court which holds that the Analogue Act is unconstitutionally vague is a nonbinding, district court decision which did not involve a synthetic cannabinoid substance like the ones at issue here. *United States v. Forbes*, 806 F. Supp. 232, 237 (D. Colo. 1992). Efforts of defendants to avoid prosecution under the Analogue Act based on allegations of vagueness have been rejected with virtually complete uniformity.

*United States v. Gas Pipe, Inc.*, 2018 WL 5046412, at *2–4 (N.D. Tex. Aug. 7, 2018).

**B. Indictment Fails to State an Offense**

Defendant further complains that "[n]owhere does the indictment identify the analogue substance;" instead, the Superseding Indictment forces him "to guess what illegal substance 5F-MDMB-PINACA and 5F-AMB are analogous to." D.E. 44, p. 2. Citing *McFadden*, Defendant

---

2. *United States v. Berger*, 553 F.3d 1107, 1110 (8th Cir. 2009); *United States v. Ansaldi*, 372 F.3d 118, 122 (2d Cir. 2004); *United States v. Carlson*, 87 F.3d 440, 443–44 (11th Cir. 1996); *United States v. Hofstatter*, 8 F.3d 316, 321–22 (6th Cir. 1993); *United States v. Granberry*, 916 F.2d 1008, 1010 (5th Cir. 1990); *United States v. Desurra*, 865 F.2d 651, 653 (5th Cir. 1989); *United States v. Fedida*, 942 F. Supp. 2d 1270, 1273–74 (M.D. Fla. 2013); *United States v. Hawkins*, 2:13-cr-04049, 2016 WL 1390005, at *4 (W.D. Mo. Apr. 7, 2016); United States v. Reese, Crim. No. 12-00146, 2013 WL 3865067, at *1 (W.D. La. July 24, 2013); *United States v. Nasir*, No. 5:12-CR-102-JMH, 2013 WL 5373625, at * *5–6 (E.D. Ky. Sept. 25, 2013); *United States v. Niemoeller*, No. IP 02-09-CR-1 H/F, 2003 WL 1563863, at *4 (S.D. Ind. Jan. 24, 2003).

4

claims the indictment is "fatally deficient because Defendant has not been sufficiently apprised of the two critical elements in dispute: (1) are the substances analogues; and (2) did the defendant know that." *Id.* at 7.

Under *McFadden*, "To obtain a conviction under the CSA (Controlled Substances Act), the Government must establish that the defendant 'knew he was dealing with 'a controlled substance.'" *United States v. Al Haj*, 731 F. App'x 377, 378 (5th Cir. 2018) (quoting *McFadden*, 135 S.Ct. at 2303). "When the substance is an analogue, 'that knowledge requirement is met if the defendant knew that the substance was controlled under the CSA or the Analogue Act, even if he did not know its identity." *Id*. The Court in *McFadden* explained that the knowledge requirement can be met in two ways:

> First, it can be established by evidence that a defendant knew that the substance with which he was dealing is some controlled substance—that is, one actually listed on the federal drug schedules or treated as such by operation of the Analogue Act—regardless of whether he knew the particular identity of the substance. Second, it can be established by evidence that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue.

*McFadden*, 135 S.Ct. at 2305.

Defendant has not cited, nor can the Court locate, any authority providing that an indictment must identify the scheduled controlled substance to which the analogue is substantially similar or allege the basis for the defendant's knowledge. To the contrary, whether or not 5F-MDMB-PINACA and 5F-AMB are controlled substance analogues and whether Defendant had the requisite knowledge are issues of fact for trial. *See McFadden*, 135 S.Ct. at 2306 & n.3 ("[I]t will be left to the trier of fact to determine whether the circumstantial evidence proves that the defendant knew that the substance was a controlled substance under the CSA or Analogue Act."); *United States v. Sullivan*, 2011 WL 3957425, at *2 (D. Neb. Aug. 27, 2011) ("Whether the chemical structures of these substances are 'substantially similar to the chemical structure' of a schedule I or II controlled substance is an issue of fact to be resolved at trial.").

5

The indictment need only allege that Defendant knowingly conspired to possess with intent to distribute a "controlled substance analogue" as defined by 21 U.S.C. § 802(32) in order to satisfy Rule 12(b). *See United States v. Desurra*, 868 F.2d 716, 717 (5th Cir. 1989) (rejecting facial challenge to indictment and finding that description of drugs as "controlled substance analogs" was sufficient) (citing *United States v. Oberski*, 734 F.2d 1034, 1035 (5th Cir.1984) ("An indictment, to be sufficient, need merely allege that the defendant committed each of the essential elements of offense so as to enable the accused to prepare his defense and to invoke the double jeopardy clause in any subsequent proceeding for the same offense.")).

Because the Superseding Indictment sufficiently tracks the language of the Analog Act, which is not void for vagueness or unlawfully being applied retroactively in this case, Defendant's motions to dismiss the Superseding Indictment are denied.

**III. Motion to Dismiss for Violation of the Double Jeopardy Clause**

On June 30, 2016, Defendant was arrested and later charged in Nueces County, Texas, with manufacture or delivery of a controlled substance.[3] Texas filed a civil forfeiture suit against $22,134.02 in U.S. Currency and Various Items of Personal Property that were seized as contraband during Defendant's arrest, and an agreed civil judgment was entered on October 12, 2017. On June 27, 2018, Defendant was indicted in the instant case for conspiracy to possess with intent to distribute controlled substance analogues between December 8, 2015 and June 30, 2016. One week later, the State of Texas dismissed the criminal charges against Defendant.

Defendant moved the Court to dismiss the indictment on double jeopardy grounds or to stay the case until the Supreme Court decided *Gamble v. United States*, which granted certiorari on the question: "Whether the Court should overrule the 'separate sovereigns' exception to the Double Jeopardy Clause." 138 S.Ct. 2707 (2018). On June 17, 2019, the Supreme Court issued its opinion

---

3. According to the No Charge Form submitted by Defendant, the offense charged was "MAN/DEL CS PG 2 or 2-A>+4G<400G." D.E. 46-3, p. 1.

in *Gamble* and declined to overturn its longstanding interpretation of the Double Jeopardy Clause of the Fifth Amendment. *Gamble v. United States*, ––– U.S. ––– 139 S.Ct. 1960 (2019). The Court stated:

> That Clause provides that no person may be "twice put in jeopardy" "for the same offence." Our double jeopardy case law is complex, but at its core, the Clause means that those acquitted or convicted of a particular 'offence' cannot be tried a second time for the same 'offence.' But what does the Clause mean by an "offence"?
>
> We have long held that a crime under one sovereign's laws is not 'the same offense' as a crime under the laws of another sovereign. Under this 'dual-sovereignty' doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute.
>
> Or the reverse may happen, as it did here. . . . Today, we affirm that precedent.

*Id.* at 1963–64.

Accordingly, Defendant's motion to dismiss on double jeopardy grounds is denied.

## IV. Conclusion

For the reasons stated herein, Defendant's Motion to Dismiss Superseding Indictment (D.E. 44), Supplemental Motion to Dismiss Superseding Indictment (D.E. 45), Motion to Dismiss for Violation of the Double Jeopardy Clause (D.E. 46), and Second Motion to Dismiss (D.E. 62) are **DENIED**.

It is so **ORDERED** this 5th day of September, 2019.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE